Filed 7/26/23  P. v. Aremu CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B322491 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A390607) |
| v. | |
| TONY OLIVER AREMU, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Norman J.  Shapiro, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1984, a jury convicted defendant Tony Aremu of second degree murder (Pen. Code, § 187, subd. (a)[1]) and found true the allegation that he personally used a deadly and dangerous weapon in the commission of the murder (§ 12022, subd. (b)). The trial court sentenced defendant to 16 years to life in state prison.

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95.[2] The trial court denied the petition on the ground that defendant was the actual killer. Defendant appealed. We affirmed the court's order, holding that defendant was ineligible for resentencing as a matter of law because the jury instructions in defendant's case did not include instructions on aiding and abetting, the felony murder rule, or the natural and probable consequences doctrine, and the verdict form contained the jury's finding that defendant personally used a deadly and dangerous weapon, a knife. (*People v. Aremu* (Oct. 26, 2020, B300328) [nonpub. opn.].)

On January 13, 2021, our Supreme Court granted defendant's petition for review and deferred further action pending its consideration and disposition of *People v. Lewis* (2020) 43 Cal.App.5th 1128 or further order of the court.

On September 29, 2021, after issuing its opinion in *People v. Lewis* (2021) 11 Cal.5th 952, the Supreme Court dismissed review in defendant's case.

---

[1]     All further statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) Further references will be to the statute's current section number only.

On April 18, 2022, following our remittitur to the trial court, defendant filed a second section 1172.6 petition for resentencing. The court denied the petition on the ground that defendant was the actual killer and therefore ineligible for relief.

Defendant appealed and we appointed counsel to represent him. Counsel filed an opening brief in which she does not identify any arguable issues and requests that we evaluate any issues defendant might raise in a supplemental brief and independently review those portions of the record necessary to resolve any such arguments pursuant to *People v Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Further, counsel notes that under *Delgadillo* we have discretion to conduct an "independent review of the record in the interest of justice." (*Id.* at p. 230.)

On January 25, 2023, we notified defendant that appointed appellate counsel had filed a brief that raises no issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that he wished this court to consider. Defendant timely filed a supplemental brief in which he argues that the evidence at his trial combined with evidence not presented or withheld by the prosecution prove that he killed his victim, Tamzetta Harris, in a heat of passion and thus was guilty of manslaughter and not second degree murder. Defendant argues the evidence shows he had been romantically involved with Harris who, allegedly, was having a secret, adulterous relationship with Theodore Monroe. On the night defendant killed Harris, he saw her exiting Monroe's car. Defendant became enraged and killed Harris in a heat of passion. Defendant also argues, without explanation, that the prosecution

3

failed to prove malice beyond a reasonable doubt thus violating his right to a fair trial.

Although we have discretion to review independently the entire record, we limit our review to the issues raised in defendant's supplemental brief. (*Delgadillo, supra*, 14 Cal.5th at 232 [where the defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

The arguments defendant raises in his supplemental brief do not address his eligibility for resentencing under section 1172.6. Defendant's evidentiary claims do not bear on whether he could "presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Accordingly, we reject those arguments in this appeal from the trial court's postjudgment order denying defendant's section 1172.6 petition. (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted [section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error"].)

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                      KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.